ORIGINAL

REISSUED FOR PUBLICATION
JUNE 8, 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 2, 2018

```
* * * * * * * * * * * * *
MARCELLA BOETTCHER,                    *     No. 17-1402V
                                       *
           Petitioner,                 *     Special Master Sanders
                                       *
v.                                     *
                                       *
SECRETARY OF HEALTH                    *     Dismissal; Order to Show Cause;
AND HUMAN SERVICES,                    *     Failure to Prosecute; Insufficient Proof.
                                       *
           Respondent.                 *
* * * * * * * * * * * * *
```

**FILED**
MAY - 2 2018
U.S. COURT OF
FEDERAL CLAIMS

Marcella Boettcher, *pro se*, Pittsburg, KS.
Heather L. Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On October 2, 2017, Marcella Boettcher ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ["the Program"].[2]  Pet. 1, ECF No. 1. Petitioner alleged that the Diphtheria-Tetanus-acellular-Pertussis ("DTaP") vaccine she received on August 6, 2014 caused her to suffer from anaphylaxis. *Id.* at 2-6. The information in the record, however, does not show entitlement to an award under the Program.

## I.    PROCEDURAL HISTORY

Petitioner submitted her petition on October 2, 2017 along with medical records and a newspaper article detailing how her grand-daughter aided Petitioner during her anaphylaxis. ECF No. 1. On October 25, 2017, the undersigned held an initial status conference to discuss Petitioner's case with both parties. ECF No. 7. During the status conference, the undersigned explained that Petitioner filed her claim outside of the three-year statute of limitations, and set a

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

deadline for Respondent to submit a Motion to Dismiss. *Id.* On November 6, 2017, Respondent submitted his Motion to Dismiss, requesting the undersigned to dismiss Petitioner's claim due to an untimely filing. ECF No. 9.

On December 6, 2017, the undersigned granted Petitioner an additional sixty days to acquire counsel in order to respond to Respondent's Motion. ECF No. 10. Petitioner's deadline for an attorney to file a motion to substitute counsel was February 5, 2018. *Id.* This deadline passed without any filing or communication from Petitioner. On February 7, 2018, Chambers emailed Petitioner to inquire whether she is still seeking counsel. Informal Comm., dated Feb. 7, 2018. Petitioner did not respond to this email. On February 12, 2018, Chambers telephoned and left a voicemail requesting Petitioner to contact Chambers. Informal Comm., dated Feb. 12, 2018. Petitioner failed to contact Chambers following this voicemail.

On February 15, 2018, the undersigned issued an Order to Show Cause why Petitioner's claim should not be dismissed. ECF No. 11. The undersigned emphasized Petitioner's failure to respond to Chambers' multiple attempts to reach Petitioner and ordered her to submit either a Motion to Substitute Counsel or a response to the Motion to Dismiss by April 16, 2018. *Id.* at 2. The undersigned cautioned that a failure to submit either document "will be interpreted as a failure to prosecute this claim, and the petition shall be dismissed." *Id.* To date, the undersigned has received no filings or communications from Petitioner since the October 25, 2017 status conference.

## I. ANALYSIS

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(b); *see also Claude E. Atkins Enters., Inc. v. United States*, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests). Petitioner's failure to respond to Chambers' communications and comply with the undersigned's Order to Show Cause indicate a disinterest in pursuing her claim. The undersigned will therefore dismiss this case for failure to prosecute.

To receive compensation under the Act, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of his vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). Although Petitioner's medical records indicate that she may have suffered a Table Injury,[3] Petitioner submitted her claim outside of the statute of limitations prescribed by

---

[3] The Vaccine Table presumes causation when anaphylaxis manifests within less than four hours after a petitioner receives a DTaP vaccine. 42 C.F.R. § 100.3(a). Petitioner's medical records show that she was hospitalized for "anaphylactic reaction to Diphtheria/Tetanus vaccination" at 5:10 PM after receiving the DTaP vaccine at 3:00 PM on the same day. ECF No. 1. at 13, 19 (all-

the Vaccine Act.  § 16(a)(2); *see* ECF No. 7 (explaining that the statute of limitations ended on August 6, 2017 for Petitioner's claim, but she filed her petition on October 2, 2017).  An examination of the record does not provide any exception for Petitioner' untimely claim.  Furthermore, the undersigned finds that Petitioner's filings, without any additional evidence or submissions, do not contain preponderant evidence demonstrating that she is entitled to compensation.

**Thus, this case is dismissed for failure to prosecute.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Herbrina D. Sanders
Special Master

---

caps omitted).  However, this fact is moot because Petitioner's claim is barred under the statute of limitations.  § 16(a)(2).